

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**CAROLINE MCGUIRE**
*Assistant Corporation Counsel*
Tel.: (212) 356-5052
Fax: (212) 356-3509
cmcguire@law.nyc.gov

February 10, 2023

**BY ECF**
Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re: <u>Juan Jimenez v. City of New York, et al.</u>, 21-CV-06133 (RPK) (JRC)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants in the above-referenced matter. Defendants write to respectfully request a pre-motion conference in advance of defendants' anticipated summary judgment motion, and to respectfully request a briefing schedule for the same. <u>See</u> Docket Entry dated December 16, 2022.

      **B.**      <u>Factual Background</u>

      A minor child, B.M., alleged her neighbor, plaintiff Juan Jimenez, inappropriately and sexually abused her. At the time, Juan Jimenez was employed as a police officer. B.M. reported repeated instances of inappropriate sexual misconduct by plaintiff to her school guidance counselor. The guidance counselor called the police, and Administration for Child Services ("ACS"). Internal Affairs Bureau ("IAB") became involved once they learned the subject was a member of service. B.M. was forensically interviewed at the Brooklyn Child Advocacy Center, and then interviewed two days later at the Brooklyn District Attorney's Office.

      During B.M.'s forensic interview – captured on video from start to finish – the interviewer was trying to adduce whether B.M. understood the difference between a truth and a lie. During these inquiries, B.M. said that she sometimes lies. However, the forensic interviewer probed further into what B.M. meant by this. Ultimately, the forensic interviewer and B.M. agreed that instead of B.M. providing an untruthful statement, that B.M. would decline to respond. During the remaining hour of the interview, B.M. detailed the sexual abuse she experienced at the hands of

plaintiff. The specific details of the abuse are more fleshed out in defendants' 56.1 statement accompanying this letter.

Before the ADA interviewed B.M., he watched the forensic interview video. The ADA found the child to be credible because her version of events was consistent with the forensic interview, and her disposition seemed honest. After this interview, the ADA conferred with his supervisor. The DA's office decided to prosecute the case. Based on the three accounts B.M. provided – to the guidance counselor, the forensic interviewer, and the Assistant District Attorney – plaintiff was arrested. Former Chief Cooper authorized plaintiff's arrest. After plaintiff was arrested, he was arraigned, and released on his own recognizance. Ultimately, the grand jury did not return a true bill, and plaintiff's criminal case was dismissed.

There was an ongoing family court case[1] alongside plaintiff's criminal case, for the victim child, and his own children. Plaintiff's children did not make an outcry against him. However, if the subject of an ACS prosecution is alleged to have abused a child in any way, and if that subject has young children of their own, ACS starts a derivative prosecution to protect the subject's children. The purpose of this derivative litigation is to ensure the safety and wellbeing of the children. The case was examined by ACS legal before filed in family court. ACS Child Protective Specialists and Supervisors cannot initiate these cases because they are not attorneys.

Once plaintiff's criminal case concluded, he went to departmental trial for the pending disciplinary charges on his record. His departmental trial included this allegation of sexual abuse, and his abuse of authority at Bounce-U. Although the trial judge recommended that plaintiff be found not guilty on the sex abuse charges, and forfeit ten days for the abuse of authority charges, the Commissioner dismissed Jimenez from the force for two[2] repeated abuses of authority on his record. Plaintiff testified that he has no documentary evidence to demonstrate he was dismissed from the force for speaking to the media.

### C.     Legal Analysis

The Court should dismiss plaintiff's federal false arrest claim against Sergeant Wancique, Detective Denis and Inspector Bogle either on the merits or pursuant to qualified immunity. First, probable cause will defeat plaintiff's false arrest claim. See Crawford v. City of New York, 11-1232-CV, 477 F. App'x. 777, 778-79 (2d Cir. 2012). Here, B.M. made a disclosure to a mandated reporter, was forensically interviewed, and then interviewed by the ADA's office. Based on B.M.'s three interviews, which were consistent and specific, probable cause existed to arrest plaintiff. Gonzalez v. Huhl, No. 3:17-CV-373 (NAM/ML), 2020 U.S. Dist. LEXIS 55752, **17-23 (N.D.N.Y. Mar. 31, 2020).

---

[1] During the family court case, there was an allegation that plaintiff violated an order of protection. Plaintiff's criminal defense attorney apparently advised plaintiff to go to Bounce-U (a children's trampoline establishment) to obtain his own attendance history, in the hopes of proving he did not violate the order of protection. When he asked for the attendance history, he represented that he was a Detective, in violation of department policy.

[2] Plaintiff had a previous CCRB case where his father was apparently assaulted. The police were aware of this assault and were investigating it. While plaintiff was off duty, he thought he saw the potential perpetrators (minors), and followed them. Eventually, plaintiff cornered the minors at gunpoint. The Department substantiated, inter alia, 5 charges of abuse of authority against plaintiff for his conduct. Plaintiff forfeited 30 days as a penalty.

Plaintiff will argue probable cause does not exist because the officers lacked physical evidence or an eyewitness to validate B.M.'s outcry, and because during the "interview intstructions" portion of the forensic interview, she disclosed that she sometimes lies. However, these facts do not vitiate probable cause. "[O]nce a police officer has probable cause, he [or she] need not explore 'every theoretically plausible claim of innocence before making an arrest.'" Aberra v. City of New York, No. 18-Civ.-1138 (LAK) (SLC), 2021 U.S. Dist. LEXIS 123941, at *21 (S.D.N.Y. June 30, 2021). The portion of the forensic interview where the child states that she sometimes "lies" does not obviate probable cause for two reasons: (1) the forensic interviewer ended this questioning by setting a clear boundary: instead of lying, B.M. would just say she doesn't want to say something, and B.M. agreed to this boundary; and (2) in the second interview, the ADA noted the B.M.'s narrative was consistent with her first interview; her disclosures give specific times and places of occurrence. To this end, qualified immunity will absolve the officers of any liability because arguable probable cause existed to arrest plaintiff: (1) it was objectively reasonable for the officers to rely on the victim's consistent, specific statements at the time of the arrest and/or (2) the Court should grant qualified immunity if the Court finds that reasonable officers could disagree on whether they should have believed the victim. Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007).

Plaintiff's First Amendment Retaliation and Monell claims fail as plaintiff neither produced nor obtained evidence of these claims in discovery. Plaintiff pleads a Monell claim against the City, but only produced evidence of his own incident. Therefore, his Monell claim fails as a matter of law and fact. See White v. City of New York, 206 F. Supp. 3d 920, 937 (S.D.N.Y. 2016). Moreover, plaintiff "believes" that he was dismissed from the force for a statement he allegedly made to the media. Plaintiff has not even produced the alleged statement he made that apparently "caused" his dismissal from the force, despite repeated requests that he do so. Plaintiff was dismissed for his repeated abuses of authority – period. "[A] plaintiff alleging a First Amendment retaliation claim may not, however, rely on temporal proximity alone to defeat summary judgment." McClendon v. Murphy, No. 3:14-CV-1460 (DJS), 2017 U.S. Dist. LEXIS 43041, at *14 (D. Conn. 2017) (citation omitted). Accordingly these claims, along with the City and former Commissioner Shea, should be dismissed from this lawsuit.

Plaintiff's malicious prosecution claim fails as well. As an initial matter, Inspector Bogle and Sergeant Wancique did not sign the criminal court complaint, which means plaintiff cannot establish the "initiation" prong against these defendants. Yan v. City of New York, No. 09-CV-1435 (CBA) (SMG), 2011 U.S. Dist. LEXIS 137549, at *29 (E.D.N.Y. Nov. 30, 2011) aff'd 2013 U.S. App. LEXIS 2250, at *3 (2d Cir. Feb. 1, 2013) (citations omitted). Likewise, Ms. Simpson and Ms. Okezie did not, and could not have initiated the family court case against plaintiff because they are not lawyers, and the decision to file the family court case was made by ACS legal. See e.g. Id. Further, probable cause existed at the time of the arrest, and persisted throughout plaintiff's criminal prosecution. Thompson v. Clark, 142 S. Ct. 1332, 1343 (2022). Finally, plaintiff has elicited no evidence in discovery that either the family court case or the criminal case was "commenced…due to a wrong or improper motive, something other than a desire to see the ends of justice served." Laboy v. Cnty. of Ontario, 668 F. App'x. 391, 394 (2d Cir. 2016) (citation omitted); Gonzalez, 2020 U.S. Dist. LEXIS 55752, *28 (collecting cases).

Therefore, defendants write to respectfully request a pre-motion conference in advance of defendants' anticipate summary judgment motion, and to respectfully request a briefing schedule

for the same. See Docket Entry dated December 16, 2022. Pursuant to the Court's schedule in this matter, plaintiff's response and counter 56.1 statement is due February 17, 2023. Id.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Caroline McGuire
Assistant Corporation Counsel
Special Federal Litigation Division